# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 2, 2001 Session

## KATHY PHILLIPS, ET AL. V. SCOTTY REDMON, ET AL.

### Appeal from the Circuit Court for Wilson County
### No. 10755  Clara Byrd, Judge

_____

### No. M1999-01619-COA-R3-CV - Filed July 26, 2001

_____

In this appeal from the Circuit Court for Wilson County the Appellant, Justin Redmon, a minor child, through his guardian *ad litem*, questions whether the Trial Court erred in granting a petition filed by the Appellee, Kathy Phillips, to change custody from Justin's natural father, Scotty Redmon, to Ms. Phillips, Mr. Redmon's sister. We affirm the judgment of the Trial Court and remand for collection of costs below.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J. (M.S.) and William B. Cain, J.,  joined.

Jerry Gonzalez, Lebanon, Tennessee, for the Appellant, Justin Redmon.

Michael Ray Jennings, Lebanon, Tennessee, for the Appellee, Kathy Phillips.

### OPINION

This proceeding arises from a petition to modify custody filed by the Appellee, Kathy Phillips and her mother, Sylvia Redmon.  Justin Redmon, the minor child[1] whose custody is at issue in this case, through his guardian *ad litem,* appeals the decision of the Trial Court and presents the following issue for our review:

Did the Trial Court err in its determination that custody of Justin should be changed from Scotty Redmon, his natural father, to Kathy Phillips, Mr. Redmon's sister?

On October 23, 1997,  Ms. Phillips and her mother, Sylvia Redmon, filed a petition for custody of Justin who was, at the time, in the custody of his natural father, Scotty Redmon.  In their

---

[1]The record shows that Justin was eight years at the time of the final hearing of this case on February 2, 2000.

petition Ms. Phillips and Ms. Redmon named both Mr. Redmon and Teresa Cassidy, Justin's non-custodial mother, as defendants. Among other things, the petition alleged that Mr. Redmon was a serious abuser of drugs and that, for a period of two years, he was "approaching friends, neighbors and total strangers at any hour of the day, including all hours of the night, seeking money so that he can buy food for the child.". The petition further alleged that Mr. Redmon had stolen items of personal property from his mother in 1996, had stolen checks from her and written checks against her.

On October 23, 1997, the Juvenile Court of Wilson County entered an order awarding temporary custody of Justin to Ms. Phillips and on October 28, 1997, the Juvenile Court heard the petition for custody filed by Ms. Phillips and Ms. Redmon. Thereafter, on November 3, 1997, that Court entered an order pursuant to which legal custody of Justin was placed with the State of Tennessee, temporary physical custody of Justin was placed with Ms. Phillips and Mr. Redmon was allowed weekly visitation.

On October 27, 1998, Mr. Redmon filed his answer to the petition for custody and admitted therein that he was an abuser of illegal drugs and that he had taken checks from his mother. However, Mr. Redmon denied the allegations that for a period of two years he had approached individuals asking for money to buy food or that he had stolen personal items from his mother in 1996. Mr. Redmon further denied that Justin is a dependant and neglected child as defined by T.C.A. 37-1-102(b)(10) or that he ever endangered Justin's health, safety or morals. On the same date Mr. Redmon also filed a motion to return custody of Justin to him asserting that, since the petition was filed on October 23, 1997, he had completed a lengthy process of drug rehabilitation and had tested clean on numerous random drug screens requested by the Tennessee Department of Children's Services.

On November 10, 1998, the Juvenile Court heard and denied Mr. Redmon's motion for return of custody but did allow that Mr Redmon's visitation rights be expanded. The Court further ordered that Mr. Redmon present himself for a drug screen on a regular basis each Tuesday and Friday at the offices of Department of Children's Services, that he join a drug and alcohol support group, that he attend at least one meeting a week and that he remain gainfully employed.

Mr. Redmon's motion for return of custody came on for review before the Juvenile Court again on February 2, 1999, and was again denied.

On February 22, 1999, Mr. Redmon and Justin's guardian *ad litem* filed a joint notice of appeal to the Circuit Court for Wilson County and an initial hearing was held in that Court on October 27, 1999. At that hearing the Court determined that Justin's mother, Teresa Cassidy, who had not appeared or participated in the proceedings to date, should be represented by counsel. Accordingly, the Court ordered that counsel be appointed to represent Ms. Cassidy, that she be served with all pleadings and orders filed in the matter and that subpoena be issued requiring her to attend the final hearing in the case. By separate order entered November 19, 1999, the Court found that at the time the petition for custody was filed Justin "was dependant and neglected and there is

clear and convincing evidence that at that time in 1997 there was substantial risk to this child, that it was necessary for Court intervention, that it was necessary for a Petition to be filed in this matter, and that it was necessary for the Court to issue the Orders that were issued for the last 2 years". The Court also reset the case for a conclusive hearing.

On January 28, 2000, Ms. Redmon filed a notice of dismissal in the case and she was, therefore, no longer a party to the petition for custody after her motion was granted by the Court's order entered on February 1, 2000.

The final hearing in this matter took place on February 2, 2000. In its order entered on February 25, 2000, the Court found that Mr. Redmon was unfit to take care of Justin and awarded Ms. Phillips full and final custody. The Court further ordered that Mr. Redmon pay child support based on a minimum wage standard. Thereafter, on March 3, 2000, Justin filed this appeal through his guardian *ad litem*.

This being a non-jury case, our standard of review is *de novo* upon the record with a presumption that the Trial Court's findings of fact are correct. That presumption must be honored absent a preponderance of evidence otherwise. See T.R.A.P. 13(d). No such presumption exists as to conclusions of law. See *Campbell v. Florida Steel Corporation*, 919 S.W. 2d 26 (Tenn. 1996).

In cases which involve a custody dispute between a natural parent and a third party the Supreme Court of this State has held that the constitutional right of individual privacy guaranteed under the Tennessee Declaration of Rights includes parental rights. See *Nale v. Robertson*, 871 S.W. 2d 674 (Tenn. 1994). And in the case of *In re Adoption of a Female Child*, 896 S.W. 2d 546, 548 (Tenn. 1995) the Court further stated as follows with respect to the prerequisite for changing custody from the natural parent to a third party:

> Therefore, in a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child. Only then may a court engage in a "best interest of the child" evaluation in making a determination of custody.

Thus, in the case before us, we must determine if the record supports a finding that Mr. Redmon's conduct has caused, or is reasonably calculated to cause, substantial harm to Justin.

In support of her argument that Justin would be at risk of substantial harm should his father be allowed to retain custody Ms. Phillips makes reference to 1) Mr. Redmon's drug use 2) Mr. Redmon's relationship with his mother 3) Mr. Redmon's relationship with Ms. Phillips and 4) Mr. Redmon's financial condition. It is our determination that the proof presented regarding Mr. Redmon's drug use alone is sufficient to warrant the Trial Court's ruling.

In his answer, filed on October 27, 1998, Mr. Redmon admits that he is an abuser of illegal drugs and this is accepted by him in his brief as a matter of record. The further record shows that he tested positive for cocaine on January 7, 2000, and in May of 1999. And, although in his testimony at trial on February 2, 2000, Mr. Redmon stated that he was not currently using drugs and had not used cocaine for the previous one and one-half years, he tested positive for cocaine on that very day. The record also reveals that Mr. Redmon failed to appear for other drug tests despite being ordered to do so by the Court. While we acknowledge evidence in the record that he passed all eleven drug screens administered by the Department of Children's Services from November 24, 1998, until February 1, 2000, it is apparent that, at least as of February 2, 2000, Mr. Redmon was continuing to use illegal drugs, specifically cocaine.

The testimony at trial of both Justin and his father convinces us that they love each other, but this does not belie the fact that Mr. Redmon has a drug abuse problem. Until he deals with that problem and discontinues his use of cocaine we do not believe that he is capable of raising Justin in a safe and responsible manner. The varied and numerous hazards that confront a child in the world today make it necessary that he or she have the guidance and protection of a responsible adult. We do not believe that an individual whose perception and judgment are clouded as a consequence of drug abuse is sufficiently responsible to adequately care for a child and it is our conclusion that a child left in the custody of such an individual would be at risk of substantial harm.

In closing, we acknowledge the ruling in *Bradford v. Anderson*, an unreported opinion of this Court filed in Nashville on November 16, 1998. In that case we affirmed the lower court's ruling which disallowed the change of a child's custody from his father to his maternal grandmother. The proof submitted in the *Bradford* case showed that the father had a history of alcoholism and schizophrenia and that he had shown a tendency to improve and then relapse. However, we find that that case is distinguishable from the case *sub judice* by the fact that, at the time of trial the father was not using alcohol and had not done so for the previous sixteen months.

For the foregoing reasons we affirm the judgment of the Trial Court and remand the case for collection of costs below. It appearing this appeal is prosecuted by the guardian *ad litem* on behalf of a minor child, we, in accordance with the dictates of T.C.A. 20-12-128(b), decline to adjudge costs of appeal.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE